# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOSEPH EDWARD MIXON,**

    **Plaintiff,**

    v.                                               **CASE NO. 19-3032-SAC**

**OTTAWA COUNTY DETENTION
CENTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at the Ottawa County Detention Center in Minneapolis, Kansas ("OCDC"). This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. 8) and Motion to Appoint Counsel (Doc. 9).

## I. Nature of the Case

Plaintiff alleges that during his confinement at the OCDC, Officer John punched him in the chest for no reason on February 3, 2019, and there was black mold around the vent system. Plaintiff alleges violations of his rights to: safe housing, protection, not to be intimidated by staff or inmates, safety and health, and humane living space. Plaintiff's Complaint names the OCDC, Sheriff Coleman, and Officer John as defendants, and seeks injunctive relief.

## II. Motions

### A. Motion to Amend (Doc. 8)

On May 1, 2019, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 8). Plaintiff does not seek to add any defendants, but adds an allegation that Officer John violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff states that this

claim "is in addition to the original complaint." Plaintiff also alleges that Sheriff Coleman and the OCDC failed to take action or respond to his grievances about the incident. Plaintiff also adds a request for declaratory relief, compensatory damages, and punitive damages. Plaintiff fails to attach a proposed amended complaint as required by D. Kan. Rule 15.1(a)(2).

The Court notes that a detention facility is not a proper defendant. Plaintiff's Complaint names the OCDC as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Plaintiff's claims against Sheriff Coleman require proof that he personally committed a constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 837–38 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). It is not enough that a defendant acted in a supervisory role when another defendant violated a plaintiff's constitutional rights. *Keith*, 843 F.3d at 838.

Plaintiff "must show an affirmative link between [Sheriff Coleman] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* (internal quotation marks omitted) (citing *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Dodds*, 614 F.3d at 1195)).

Plaintiff's claims against Sheriff Coleman relate to his dissatisfaction with the Sheriff's response to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

The Court will grant Plaintiff's motion to amend at Doc. 8 to the extent that the Court will allow Plaintiff to file an amended complaint. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an

earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3032-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

**B. Motion for Appointment of Counsel (Doc. 9)**

Plaintiff asks the Court to appoint counsel because he is indigent, imprisonment will greatly limit his ability to litigate, the issues are complex, the case will require significant research and will involve conflicting testimony, and Plaintiff has been unsuccessful in obtaining counsel.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115

4

(10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff submits an amended complaint that survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend (Doc. 8) is **granted** to the extent that Plaintiff is granted until **June 21, 2019**, in which to file a complete and proper amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 9) is **denied without prejudice.**

The clerk is directed to send Plaintiff the forms and instructions for filing an action under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 21st day of May, 2019.**

                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U. S. Senior District Judge